```
                    FILED
           CLERK, U.S. DISTRICT COURT
                  JUL 26 2005
           CENTRAL DISTRICT OF CALIFORNIA
           BY                    DEPUTY
```

Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| INGRID M. HAND,<br><br>    Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | No. ED CV 04-01363-VBK<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>(Social Security Case) |

```
DOCKETED ON CM
   JUL 27 2005
BY                007
```

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

    Plaintiff raises several issues. First, she contends that the

1 ALJ erred in finding that she was a non-essential witness and
2 proceeding with her administrative hearing. (Motion at 3-7, AR 49.)
3 The ALJ noted that the hearing had been previously continued to allow
4 Plaintiff to obtain a representative, which she had done. Plaintiff's
5 attorney (the same attorney who now represents her in this action)
6 appeared at the hearing, and objected to the ALJ's finding that
7 Plaintiff was a non-essential witness. (AR 49.)
8      The hearing proceeded on January 6, 2004. The ALJ issued his
9 unfavorable decision almost five months later, on May 28, 2004. At the
10 end of the hearing, the ALJ stated that if counsel could locate
11 Plaintiff, and submit an appropriate reason for her absence, he should
12 so alert the ALJ, who would then consider whether the hearing should
13 be reconvened. (AR 56.) Plaintiff's counsel never contacted the ALJ
14 in response to this invitation, nor is any explanation offered
15 concerning this issue in Plaintiff's Motion, or her Reply.
16 Consequently, the Court finds that even if the ALJ's determination
17 that Plaintiff was a non-essential witness could be considered error,
18 it would be harmless error. Plaintiff had the opportunity to explain
19 her absence for a period of almost five months after the hearing, but
20 failed to do anything, and thus failed to take advantage of the ALJ's
21 invitation that he would reconvene the hearing if good cause were
22 shown. Plaintiff does not dispute that the Notice of Hearing was sent
23 to Plaintiff at the last address she gave (see AR at 48) and there is
24 no reason to believe she did not have notice of the hearing. Based on
25 this chronology of proceedings, the Court finds no error in the fact
26 that the ALJ proceeded with the hearing in Plaintiff's absence.
27      Plaintiff next asserts that the error in proceeding without her
28 at the hearing was compounded by the ALJ's asserted failure to develop

the record. At the hearing, the ALJ and Plaintiff's counsel discussed prior treatment Plaintiff had received. Counsel indicated that he believed Plaintiff had received treatment at Arrowhead Regional Medical Center and at Sierra Family Medical Health Center (AR 50), although counsel did not have an address for the Arrowhead facility. (Id.) The ALJ agreed to try to get the records. (AR 51.) The record indicates that two requests were made by the ALJ to the Sierra facility, one on January 13, 2004, and a second on March 25. (AR 17.) With regard to the Arrowhead facility, as noted, Plaintiff's counsel did not provide an address at any time, and none of the other records provided before the hearing indicated that Plaintiff had received treatment at that facility. Indeed, at the hearing, Plaintiff's counsel only indicated his belief that this was a relevant facility.

Plaintiff asserts that the ALJ's efforts were inadequate, arguing that his failure to use his subpoena power constitutes reversible error. Plaintiff acknowledges that there is no case law, or any regulation which mandates use of a subpoena in such circumstances. Even cases from other Circuits cited by Plaintiff do not hold that use of a subpoena is mandatory. See DeChirico v. Callahan, 134 F.3d 1177, 1184 (2nd Cir. 1998)(cited at Motion, p. 6.) Ninth Circuit case law indicates that an ALJ may develop the record in ways appropriate to the situation at hand, which includes subpoenas, submission of questions, continuing a hearing, or keeping a record open to allow record supplementation. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001)(citing Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1999)). Thus, Plaintiff's argument that the ALJ failed to properly develop the record is without merit.

Plaintiff next contends that the ALJ failed to properly evaluate

her credibility concerning her symptoms and functional limitations. (Motion at 11-12.) Plaintiff again asserts the issue of her absence at the hearing, arguing that she was unable to provide testimony, and for that reason, her credibility could not be appropriately judged. The Court has already addressed this argument, and makes the same findings concerning this argument. With regard to the sufficiency of the ALJ's decision on the credibility issue, the ALJ proceeded on the basis that Plaintiff had failed to produce medical evidence of an underlying impairment which could reasonably likely be the cause of her alleged pain. This is the foundational requirement for an evaluation of subjective pain symptoms according to well-established Ninth Circuit precedent. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); Bunnell v. Sullivan, 947 F.3d 341, 345 (9th Cir. 1991)(en banc); Cotton v. Bowen, 799 F.2d 1043 (9th Cir. 1986). Clearly, the ALJ relied upon this foundational prerequisite in making his decision on credibility (see AR at 13); however, Plaintiff engages in no discussion of this finding or its basis in the record, instead focusing totally on the issue of her absence at the hearing. It is Plaintiff's burden to demonstrate error in the decision. Having failed to do this, the Court finds that the ALJ's credibility finding is supported by substantial evidence.

Plaintiff's final argument is that the ALJ erred by ignoring her obesity in the evaluation process. (Motion at 13-15.)

In this case, the examining sources acknowledged Plaintiff's obesity. (AR 108, 110, 124.) Under the Ninth Circuit's recent opinion in Burch v. Barnhart, 400 F.3d 676 (9th Cir. 2005), this record indicates that Plaintiff's obesity was properly factored into the decision. There is no evidence that Plaintiff's obesity exacerbated

any of her other impairments. Moreover, it is not the ALJ's burden to scan the Listings to determine whether or not Plaintiff meets or equals any of them. That obligation is on Plaintiff, in accordance with her burden to prove disability. (See Burch, 400 F.3d at 683.) Plaintiff has failed to make any argument of equivalence.

For the foregoing reasons, the Court affirms the decision of the Commissioner.

**IT IS SO ORDERED.**

DATED: 7-26-05

VICTOR B. KENTON
UNITED STATES Magistrate Judge